UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIE J. LOONEY and ) | |
| MARGARET LOONEY ) | |
| PLAINTIFFS ) | |
| ) | CIVIL ACTION |
| VS. ) | NO. 05-30066-MAP |
| ) | |
| JEROME C. BRASSEUR ) | |
| DEFENDANT ) | |

### DEFENDANT'S ANSWER & CLAIM OF JURY TRIAL

1. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 1 of plaintiffs' complaint.

2. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 2 of plaintiffs' complaint.

3. Defendant admits the allegations contained in paragraph 3 of plaintiffs' complaint.

4. Defendant admits the allegations contained in paragraph 4 of plaintiffs' complaint.

5. Defendant admits that the defendant was traveling behind the plaintiff's vehicle on Route 90, but specifically denies the remaining allegations contained in paragraph 5 of plaintiffs' complaint.

### COUNT I

6. Defendant repeats his answers to paragraphs 1 through 5 of plaintiffs' complaint.

7. Defendant denies the allegations contained in paragraph 7 of plaintiffs' complaint.

8. Defendant denies the allegations contained in paragraph 8 of plaintiffs' complaint.

## COUNT II

9. Defendant repeats his answers to paragraphs 1 through 7 of plaintiffs' complaint.

10. Defendant denies the allegations contained in paragraph 10 of plaintiffs' complaint.

## COUNT III

11. Defendant repeats his answers to paragraphs 1 through 5 of plaintiffs' complaint.

12. Defendant denies the allegations contained in paragraph 12 of plaintiffs' complaint.

13. Defendant denies the allegations contained in paragraph 13 of plaintiffs' complaint.

## FIRST DEFENSE

And further answering, the defendant says that the plaintiffs' Complaint fails to set forth facts constituting a cause of action, and therefore the plaintiffs cannot recover.

## SECOND DEFENSE

And further answering, the defendant says that the plaintiffs' own negligence caused or contributed to the accident and injuries alleged, and therefore the plaintiffs cannot recover.

## THIRD DEFENSE

And further answering, the defendant says that the plaintiffs were more than 50 percent negligent in causing or contributing to the accident and injuries alleged, and therefore the plaintiffs either cannot recover or any verdict or finding in their favor must be reduced by the percentage of negligence attributed to the said plaintiffs.

## FOURTH DEFENSE

And further answering, the defendant says that the plaintiffs assumed the risk of the accident and injuries alleged, and therefore the plaintiffs cannot recover.

-2-

## FIFTH DEFENSE

And further answering, the defendant says that the plaintiffs were in violation of the law at the time and place of the alleged accident, which violation of the law caused or contributed to the happening of said accident, and therefore the plaintiffs cannot recover.

## SIXTH DEFENSE

And further answering, the defendant says that the plaintiffs' alleged injuries, if any, were caused by persons other than the defendant, his agents, servants or employees, and the plaintiffs' alleged injuries, if any, were caused by persons for whose conduct the defendant is not responsible, and therefore the plaintiffs cannot recover.

## SEVENTH DEFENSE

And further answering, the defendant says that the plaintiffs' alleged injuries, if any, do not come within one of the exceptions to the Massachusetts No-Fault Insurance Law, being Massachusetts General Laws, Chapter 231, Section 6D, and therefore the plaintiffs are barred from bringing this action and cannot recover.

## EIGHTH DEFENSE

And further answering, the defendant says that the alleged cause of action referred to in the plaintiffs' Complaint falls within the purview of Massachusetts General Laws, Chapter 90, Section 34(m), and therefore this action is brought in violation of the law and the plaintiffs cannot recover.

## NINTH DEFENSE

And further answering, the defendant says that the plaintiffs have not brought their action within the time required by Massachusetts Law regarding limitations of actions and therefore the plaintiffs cannot recover.

## TENTH DEFENSE

And further answering, the defendant says that the plaintiffs have not served the defendant with the Summons and Complaint within the time period required by the court after the expiration of the statute of limitations, and therefore the plaintiffs cannot recover and the Complaint should be dismissed.

-3-

## ELEVENTH DEFENSE

And further answering, the defendant says that the plaintiffs have failed to serve the defendant within the time required by Mass. R. Civ. P. 4(j) and therefore the plaintiffs' complaint should be dismissed.

## TWELFTH DEFENSE

And further answering, the defendant says that the plaintiffs' Complaint is subject to dismissal because of insufficiency of process and insufficiency of service of process pursuant to M.R.C.P. 12 (b)(4) and 12(b)(5).

## THIRTEENTH DEFENSE

And further answering, the defendant says that at the time and place of the accident alleged, the plaintiffs were not wearing a seatbelt; said seatbelt being available and operational, and if the plaintiffs sustained injuries, said injuries would have been greater than those sustained had he/she been wearing said seatbelt, and that accordingly any award received by the plaintiff should be reduced by the doctrine of "avoidable consequences" and/or failure of the plaintiffs to mitigate his/her damages.

## FOURTEENTH DEFENSE

And further answering, the defendant says that he is entitled to a credit for any Personal Injury Protection benefits that the plaintiffs received under any applicable policy of insurance, and any recovery by the plaintiffs must be diminished by the amount of Personal Injury Protection benefits that the plaintiffs received under the provisions of Massachusetts General Laws Chapter 90, Section 34(m).

## FIFTEENTH DEFENSE

And further answering, the defendant says that plaintiff's damages do not exceed $75,000.00 and therefore the plaintiffs' Complaint should be dismissed.

WHEREFORE, the defendant demands judgment against the plaintiffs and further demands that said action be dismissed.

-4-

AND, FURTHER, the defendant claims a trial by jury on all the issues.

> JEROME C. BRASSEUR
> BY HIS ATTORNEY:
>
> _____
> James C. Crowley, Jr., Esquire
> Fuller, Rosenberg, Palmer & Beliveau, LLP
> 340 Main Street, Suite 817
> Worcester, MA 01608
> (508) 756-3671
> BBO #562664

April 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon the parties to this action by mailing a copy thereof, first class, postage prepaid, to the following counsel of record:

> Katherine Lamondia-Wrinkle, Esquire
> Law Offices of Thomas M. Libbos, P.C.
> 175 State Street, 5th Floor
> Springfield, MA 01103

> _____
> James C. Crowley, Jr., Esquire
> Fuller, Rosenberg, Palmer & Beliveau, LLP
> 340 Main Street, Suite 817
> Worcester, MA 01608
> (508) 756-3671
> BBO #562664

April 7, 2005